[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case concerns the plaintiff's claim that the defendant condominium association, acting through its management company, wrongfully imposed charges on the plaintiff, an owner of a condominium unit.
The plaintiff initiated this action in small claims court seeking money damages in the amount of $1061.79. The defendant transferred the case to this court. The plaintiff, who appearedpro se, did not amend his complaint.
The gravamen of that complaint is that the defendant Four Beaches Condominium Association and the company that performed management and collection functions on its behalf, Group Concepts Management, Inc., wrongfully charged his account as a unit owner in the amount of $330 for accounting fees, neglected to give him full credit for a payment he made in the form of coins, and imposed late charges on occasions when such charges were not warranted.
At the commencement of the trial, the parties agreed that the amount in dispute at the time of trial is no longer $1061.77 but $678.11. That amount was placed in escrow in 1994 when the plaintiff sold his condominium unit. The parties agreed that the escrowed funds will be distributed pursuant to the order of this court in this litigation.
The defendant condominium association has stipulated that any acts by Group Concepts Management, Inc. ("manager") or its agents or employees were performed on behalf of and with the approval of the condominium association and that the association agrees to indemnify the manager for any and all liability arising from the dispute set forth in the plaintiff's complaint. CT Page 8706
The court finds the facts to be as follows. For several years prior to March 10, 1992, the plaintiff owned a condominium unit in the Four Beaches Condominiums in East; Haven. He owed monthly common charges to the condominium association in the amount of $226.00 per month.
The plaintiff had an adversarial relationship with the condominium association on the subject of common charges. Evidence was not presented concerning the origin or; nature of the dispute, but on an unspecified date prior to March 10, 1992, the plaintiff chose to make a payment on this account in the form of a box of coins. The condominium association took the box of coins to the bank, which charged twenty dollars for sorting and counting them. The association then charged that amount to the plaintiff's account. A representative of the management company testified that his firm had treated that charge in the same way as bank charges for the return of checks drawn on accounts containing insufficient funds, that is, by imposing on the writer of the check the fee charged by the bank to the condominium association.
On March 10, 1992, the plaintiff was two months in arrears in paying his condominium charges, having failed to pay the January and February charges. Common charges are due on the first day of the month, and a late charge is imposed after the tenth day of the month.
The plaintiff dropped off at the guardhouse of the condominium development a box which he believed contained $691.00 in coins as a payment on his account. After finding that the box contained not only coins but the torn wrappers from which the coins had been emptied, two members of the board of the condominium association determined that counting so large an amount of coins was beyond the normal duties of the management company. Wanting to avoid controversy with the plaintiff, they, in consultation with other board members sufficient to constitute a quorum, decided to send the box of coins to an accountant to be counted. The accountant determined that the box contained $681.21 in coins. The association credited the plaintiff's account with that amount and imposed on his account the $330.00 fee charged by the accountant for counting and reporting on the contents of the box of coins. The plaintiff refused to pay the $330.00 charge.
As of March 10, 1992, the condominium association's by-laws CT Page 8707 provided for a $15.00 late fee "for accounts more than thirty (30) days overdue, or such other late fee as determined by the Board." (Ex. Q.) By a letter dated March 11, 1992, the president; of the board of the condominium association notified the plaintiff that it had turned the box of coins over to an accountant to verify the amount. In this letter, the board advised the plaintiff that the bill for those services would be forwarded to him for payment. The plaintiff made no response to this notice. He did not request a hearing. Notably, he did not offer to pay by check to avoid the lateness in payment that would result from the need to have such a large volume of coins counted.
The plaintiff failed to pay his common charges before the tenth of the month for the months of April, May, July, September and November of 1992 and January, May, July and August of 1993. The plaintiff is therefore entitled to late charges in the amount of $135.00 (9 months X $15.00) While the plaintiff believed that he often paid fees in advance, in fact, his payments were in arrears. As to some payments, the receipt stamp on checks establish that they were timely, contrary to the association's records.
Discussion
The plaintiff claims that the defendants lacked authority to impose on him the cost of verifying the amount of a payment made in the form of coins. Unmistakably, counting over $600.00 in coins is a tedious and time-consuming task. Because the plaintiff was correctly observed to be in an adversarial and contentious position with regard to his account with the association, the resort to a neutral counter of the coins was warranted. The plaintiff has not taken the position that the cost charged for this service was excessive; rather, his only point in this regard is that the association, not he, should bear the cost of his choice to make payment in a highly inconvenient form. The by-law cited above, which permits discretionary charges, is authority for the imposition of the accountant's bill on the plaintiff. Additionally, Conn. Gen. Stat. § 47-257 (e) provides that "If any common expense is caused by the misconduct of any unit owner, the association may, after notice and hearing, assess that expense exclusively against his unit."
The association gave the plaintiff notice of its intent to charge him for the accountant's services. He has made no claim CT Page 8708 based on the failure to hold a hearing. Presentment of a payment in a form likely to lead to the need for unusual expenditures of time in processing is fairly considered "misconduct," and the court finds that the association had authority under the circumstances to impose on the plaintiff the $330.00 cost of responding to his behavior.
The by-laws of the condominium association provide for imposition of late charges under the circumstances described above. Examination of the plaintiff's account indicates that he was on some occasions assessed late charges in error.
The plaintiff has not proven that his box of coins contained $693.00 rather than the $681.21 verified by the accountant. He has therefore failed to establish his claim that his payment was not credited in full.
The defendant condominium association has established that it is entitled to $330.00 plus $135.00, or $465.00, plus interest from the various dates on which each unpaid charge became due. The amount of that interest, pursuant to Conn. Gen. Stat. §37-3a, is $204.60.
Conclusion
Of the $678.11 in escrow, the defendant condominium association is entitled to $669.60. Judgment shall enter in favor of the plaintiff, against the defendants, in the; amount of $8.51, without costs. Pursuant to their stipulation, judgment shall enter in favor of Group Concepts Management, Inc. as to its claim of indemnification against defendant Four Beaches Condominium Association.
Beverly J. Hodgson, Judge of the Superior Court